UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDRE BARBIER,<br><br>Plaintiff,<br><br>v.<br><br>GINA M. RAIMONDO, Secretary,<br>U.S.DEPARTMENT OF COMMERCE,<br><br>Defendant. | ECF/CM Case<br><br>Case No. 22-CV-09074<br><br>**COMPLAINT** |

## NATURE OF THE CASE

1. This is an action to redress unlawful employment practices under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because all causes of action accrued within New York County, New York.

4. Plaintiff has exhausted all required administrative remedies before bringing this action against the Secretary.

## THE PARTIES

5. The plaintiff, Alexandre Barbier ("Barbier") is a former employee of the U.S. Census Bureau, a division of the U.S. Department of Commerce.

1

6. The defendant, Gina M. Raimondo, is the Secretary of the Department of Commerce, a part of the Executive Branch of the U.S. Government. The Census Bureau is responsible for counting the U.S. population and collecting statistical data through surveys and censuses.

## FACTUAL ALLEGATIONS

7. The plaintiff, Barbier, at age 68, was appointed as a Geographer in the New York Regional Census Center on June 24, 2019.

8. Prior to the above-referenced employment as alleged in the preceding paragraph, Barbier has successfully completed five years of employment with the respondent prior to his most recent appointment, which is at issue in this case.

9. Barbier's supervisor commencing with his employment that began on June 24, 2019, was Zoe Ritter, Supervisory Geographer ("Ritter").

10. Barbier's duties were to provide telephone assistance to partnerships and other groups with geography-based isometric and analytical data.

11. When Barbier first reported to work, Ritter noticed that he had his arm in a sling and did not fully use both arms.

12. Ritter, sitting at a desk to the rear of Barbier, further noticed his difficulty completing the necessary physical task for his position with the limited use of his arm.

13.  Barbier complained to Ritter about the pain he was experiencing due to his broken arm.

14.  Barbier described to Ritter that he had a broken shoulder and he needed to wear a shoulder sling or brace.  Barbier further described his injury as a temporary limitation of mobility.

15.  For workplace accommodation, Barbier requested a flexible work schedule for his frequent visits to his physicians and for physical rehabilitation.  There was no response from his supervisor; therefore, he initiated his own schedule that did not interfere with his work duties.

16.  Unknown to Barbier, Ritter placed him on a work performance improvement plan ("PIP") because he allegedly was not meeting departmental standards for his position.

17.  Ritter's reasoning for placing Barbier on a PIP because he was slow in meeting departmental deadlines.  The alleged deadlines were timeliness deadlines where Barbier was required to submit typewritten reports although he did not have full use of his arms and hand.

18.  Thus, because of the above-described failures, Barbier's employment with the Census Bureau was involuntarily terminated on September 17, 2019.

## COUNT I
## ADA - *Termination of*

### *Employment Because of a Disability*

19. Barbier repeats and realleges every factual allegation in preceding paragraphs of this complaint with the same force and effect as though fully set forth herein.

20. At all relevant times, the Census Bureau was an "employer" and Barbier was their "employee" within the meaning of the ADA.

21. The Census Bureau's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful workplace discrimination in terminating Barbier's employment because of his disability all in violation of the ADA.

22. As a result of the Census Bureau's unlawful conduct, Barbier has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life, lasting embarrassment, and humiliation.

23. As a result of the Census Bureau's unlawful conduct, Barbier has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation, lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest, punitive damages, and attorney's fees and costs for which he is entitled to recover from the Census Bureau pursuant to the ADA.

## COUNT II
### ADA - *Refusal to Provide a Reasonable Accommodation for a Disability*

24. Barbier repeats and realleges every factual allegation in preceding paragraphs of this complaint with the same force and effect as though fully set forth herein.

25. At all relevant times, the Census Bureau was an "employer" and Barbier was their "employee" within the meaning of the ADA.

26. The Census Bureau's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful workplace discrimination in refusing to grant a reasonable accommodation for Barbier's disability and terminating his employment all in violation of the ADA.

27. As a result of the Census Bureau's unlawful conduct, Barbier has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation.

28. As a result of the Census Bureau's unlawful conduct, Barbier has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation, lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest, punitive damages and attorney's fees and costs for which

he is entitled to recover from the defendants pursuant to the ADA.

## JURY TRIAL DEMAND

Barbier demands a jury trial for all issues triable by jury.

| | |
|---|---|
| October 24, 2022<br>New York, New York | Respectfully submitted,<br><br>LAW OFFICE OF<br>LOCKSLEY O. WADE, LLC<br>11 Broadway, Suite 615<br>New York, NY 10004<br>(212) 933-9180<br>(212) 933-9181 Fax<br>wade@wadefirm.com - Email<br><br>By: /s/ *Locksley O. Wade*<br>     Locksley O. Wade, Esq.<br>     *Attorney for Plaintiff* |